## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

HUGALEE PINNOCK, including his heirs, representatives, attorneys, successors, and assigns, (hereinafter referred to as "Pinnock"), and Defendants, INTERNATIONAL FREIGHT CONSOLIDATORS, INC., including all of its officers, directors, representatives, shareholders, owners, agents, attorneys, and employees, and JOHN COLLINS, including his heirs, representatives, attorneys, agents, successors, and assigns, (hereinafter collectively referred to as "Defendants") for good and valuable consideration, receipt of which is hereby acknowledged, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1. **Mutual General Release.** In consideration for the promises contained in this Settlement Agreement and General Release (the "Agreement"), Pinnock and Defendants (collectively the "Parties") unconditionally release and discharge one another from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either Party party now owns or holds, or has owned or held against the other Party, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Pinnock's employment with, work with, or the separation of his employment/work with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Pinnock resulting from any act or omission by or on the part of the Released Parties committed prior to and up to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Pinnock are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistleblower's Act of 1991; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Release includes all claims that were, or could have been, asserted in the lawsuit styled PINNOCK VS. INTERNATIONAL FREIGHT CONSOLIDATORS, INC. D/B/A IFC & JOHN COLLINS, S.D. FLA. CASE NO.: 15-61614-CIV-COHN/SELTZER, pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

2. **Settlement Amount and Attorney's Fees**. In consideration of the promises as set forth herein, the Parties agree to settle Pinnock's claim for a total gross amount of $11,500.00 Dollars and no Cents ($11,500.00), allocated as follows:

   1) Six Thousand Six Hundred Eighteen Dollars and no Cents ($6,618.00) for Hugalee Pinnock. This payment includes $3,309.00 in back wages plus $3,309.00 for liquidated damages.

   2) Four Thousand Eight Hundred Eighty-Two Dollars and no cents ($4,882.00) to Saenz & Anderson, PLLC, representing $4,412.00 in fees and $470.00 in costs.

3. **Payment.** The total gross amount of $11,500 shall be made payable in three checks, including one check in the gross amount of $3,309.00 payable to Hugalee Pinnock for back wages from which taxes and withholdings shall be deducted, plus one check in the amount of $3,309.00 for liquidated damages for which a W-9 shall issue, plus one check in the amount of $4,882.00 payable to the "Saenz & Anderson, PLLC". These checks are to be received at Saenz & Anderson, PLLC, within 10 days of the Court's approval of the settlement, dismissal of the case, and of Defendants' receipt of a 1099 for Plaintiff and his counsel, or Defendants shall be considered to be late and Defendants in default under this Agreement. Defendants also have satisfied the mediator's fee in full.

4. **Default Provision**: Should Defendants fail to make timely payment of the settlement funds or if any check due pursuant to paragraph 2 of this agreement is not negotiable, then Plaintiff's counsel shall give written notice via Email to Brian H. Pollock, Esq. at brian@fairlawattorney.com. If Defendants fail to cure said breach within 5 business days, then Plaintiff shall be entitled to an ex parte default final judgment against Defendants. The prevailing party shall be entitled to any fees and costs incurred in enforcing this settlement agreement.

5. **Covenant of Confidentiality.** The Parties agree that the existence of this lawsuit and the terms of this Agreement are strictly confidential and, except pursuant to a subpoena, to enforce this agreement, or to submit to the Court for review and approval of the Parties' Settlement Agreement or others as required by applicable law, shall not be disclosed to any other persons, entities, or organizations, directly or indirectly through others, without prior written approval of Plaintiff's counsel and Defendants' counsel. In the event any party breaches said confidentiality provision and said breach is proven in a Court of law, then the breaching party shall be liable to the non-breaching party for the total amount Plaintiff received pursuant to this settlement agreement. The prevailing party in enforcing or defending an action for breach of said confidentiality provision shall be entitled to their reasonable attorney's fees and costs to be determined by the Court.

6. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability and have resolved this matter solely as a business decision to save the expenditure of attorneys' fees.

7. **Non Disparaging Remarks**. The Parties agree that they will not disparage one another, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about one another, to any person or entity. In the event that a prospective employer requests a reference for Plaintiff, the Parties agree that Defendants will only provide dates of work, position(s) held, and/or rates of pay and will not make any reference to any claim, lawsuit, nor to the resolution thereof.

8. **Jurisdiction.** In the event of a dispute as to the interpretation, enforcement, application or violation of this Agreement, it is understood and agreed that the instant Court shall retain jurisdiction to resolve such dispute. In fact, the Parties agree that this Agreement is contingent upon the Court retaining jurisdiction to enforce the terms of this Agreement. In

addition, the Parties specifically agree that the Court retain the right to award attorney's fees in this action and the enforcement of this Agreement.

9. **Agreement Not to Be Used as Evidence**. Neither this Agreement, nor any act performed or document executed pursuant to or in furtherance of this Agreement may be deemed to be, or may be used as, an admission of, or evidence of the validity of any released claim, or of any wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce this Agreement. Defendants, however, may file this Agreement in any action that may be brought against it in order to support a defense or counterclaim based on principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10. **Severability.** In the event that one or more terms or provisions of this Agreement are found to be invalid or unenforceable for any reason or to any extent, each remaining term and provision shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law.

11. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises, modifications, or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

12. **Enforcement**. In the event any action is commenced to enforce said settlement agreement, the prevailing party shall be entitled to reasonable attorneys' fees and costs.

13. **Voluntariness.** Plaintiff certifies that he has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing the Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence.

14. **Counterparts**: This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single Agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

15. **Division:** Plaintiff consents to the division of proceeds as set forth above.

\*       **THIS SPACE INTENTIONALLY LEFT BLANK**       \*

HUGALEE PINNOCK

By: _____
HUGALEE PINNOCK

Date: 1/4/2016

INTERNATIONALFREIGHT
CONSOLIDATORS, INC.

By: _____

Name: JOHN COLLINS, its President/Agent

Date: _____

JOHN COLLINS

By: _____
JOHN COLLINS

Date: _____

| HUGALEE PINNOCK | INTERNATIONAL FREIGHT CONSOLIDATORS, INC. |
|---|---|
| By:_____<br>HUGALEE PINNOCK | By: /s/ _____<br>Name: JOHN COLLINS, its President/Agent |
| Date: _____ | Date: 12.20.12 |
| | JOHN COLLINS |
| | By: /s/ _____<br>JOHN COLLINS |
| | Date: 12.20.12. |
